ENOCH CRAFT and others *vs.* THE EXECUTORS OF ENOCH SNOOK.

When the "interest" or "produce" of a fund is bequeathed to a legatee, or in trust for him without any limitation as to continuance, the principal will be regarded as bequeathed also.

*Isaac W. Lanning*, for complainants.

THE CHANCELLOR.   The bill in this case is filed to obtain a judicial construction of the will of Enoch Snook, late of the county of Mercer, deceased.

The testator, among other legacies and provisions of
VOL. II.                    L

his will, gives and bequeaths as follows, *viz.* "I give and bequeath unto my sister, Elizabeth Craft, the interest upon the sum of one thousand dollars, to be paid to her annually during her life; and after her decease the interest to be equally divided between Enoch Craft and Mahlon Craft." "In case there shall be anything remaining over and above paying the legacies above mentioned and bequeathed, then I order the same to be placed at interest, and the interest thereof annually to be divided between Enoch Craft, Mahlon Craft, Samuel Craft, Alexander Snook, Emley Snook, Eden Snook, Peter Johnston Snook, and Peter Hunt." The will contains no disposition of the principal of the $1000 legacy or of the residue, nor is there any limitation of the time during which the interest is to be paid. Elizabeth Craft, the sister of the testator, received the interest upon the sum of $1000, according to the directions of the will, during her life. She died leaving Enoch Craft and Mahlon Craft surviving. The legatees, as well of the *interest* of the specific legacy as of the residue, now claim that they are entitled to the *principal* sum of which the interest is thus bequeathed to them.

The general principle has been long and well settled, that when the "interest" or "produce" of a fund is bequeathed to a legatee, or in trust for him, without any limitation as to continuance, the principal will be regarded as bequeathed also. *Elton* v. *Sheppard*, 1 *Brown's C. C.* 532; *Philipps* v. *Chamberlaine*, 4 *Vesey* 51; *Page* v. *Leapingwell*, 18 *Vesey* 463; *Stretch* v. *Watkins*, 1 *Madd.* 253; *Clough* v. *Wynne*, 2 *Madd.* 188; *Adamson* v. *Armitage*, 19 *Vesey* 416; *Earl* v. *Grim*, 1 *Johns. Ch. R.* 494; 2 *Williams on Ex'rs* (3d Am. ed.) 1027.

There is nothing on the face of the will in question to indicate a different intention. On the contrary, unless this construction be adopted, the testator died intestate as to the bulk of his property. He bequeathed not the principal, but the interest money, of a large portion of his estate. Such obviously was not his intention.

The legatees of the interest of the $1000 legacy and of the residue are entitled to receive the principal of the legacies respectively.

The executors are entitled to their costs, as they have merely sought, for their security, to have the construction of the will settled.

If the parties agree as to the amount now due upon the respective legacies there is no need of a reference, otherwise let it be referred to a master to take an account.